IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MICKEY ANDREWS,** | § | |
| | § | |
| *Plaintiff*, | § | **CIVIL ACTION NO. 3:22-cv-46** |
| | § | |
| v. | § | |
| | § | |
| **OWEN MCINTYRE, CITY OF** | § | **JURY TRIAL DEMANDED** |
| **LEAGUE CITY, TEXAS and** | § | |
| **GALVESTON COUNTY, TEXAS.** | § | |
| | § | |
| *Defendants*. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Mickey Andrews (hereinafter "Plaintiff" or "Andrews") complaining of Defendants Owen McIntyre ("McIntyre"), City of League City, Texas ("the City" or "Defendant City") and Galveston County, Texas ("the County" or "Defendant County") and for cause would show the Court as follows:

### I.  NATURE OF THE ACTION

1. This is an action brought by the Plaintiff against the Defendants pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's civil rights and privileges guaranteed to him by the United States Constitution and under the common law of the State of Texas.

2. Plaintiff brings this action against Owen McIntyre, an officer with the League City Police Department ("LCPD") and the City of League City for falsely arresting Plaintiff, subjecting him to continued detention and arrest without probable cause, and then maliciously prosecuting Plaintiff by the Galveston County District Attorney's Office.

## II.   PARTIES

3. Plaintiff, Mickey Andrews, is an adult individual and resident of Galveston County, Texas.

4. Defendant, Owen McIntyre, was at all times relevant to this Complaint a police officer with the League City Police Department ("LCPD") and employed by the City of League City, Texas. McIntyre was, at all times relevant, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of League City, Texas. McIntyre is sued in his individual capacity and may be served at his place of business at 555 W. Walker, League City, TX 77573.

5. Defendant, City of League City, Texas, is a municipality duly organized and existing under the laws of the State of Texas. Defendant City is responsible for the funding, budget, policies, operation, and oversight of the League City Police Department. The City may be served by and through the League City Secretary Diana Stapp at 300 W. Walker, League City, TX 77573.

6. Defendant, Galveston County, Texas is a governmental entity duly organized and existing under the laws of the State of Texas. Defendant County is responsible for oversight of the Galveston County District Attorney's Office ("Galveston County DA"). The County may be served by and through the Galveston County Judge Mark Henry at 722 Moody, Galveston, TX 77550.

## III.   JURISDICTION AND VENUE

7. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the constitutional rights of Plaintiff Mickey Andrews. Plaintiff further invokes the

   supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

8. Venue is proper in this Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Southern District of Texas.

## IV.   FACTS

9. On June 3, 2020, Plaintiff was involved in a serious motor vehicle accident when his vehicle collided with an individual driving a motorcycle in League City, Texas.

10. The collision between Plaintiff's Ford Mustang and the individual's Yamaha motorcycle caused the individual to be ejected from the motorcycle.

11. After the collision occurred, Plaintiff stepped out of his vehicle to attempt to render aid to the individual driving the motorcycle and instructed nearby bystanders to call 911 for emergency assistance.

12. Plaintiff stood near the injured individual while waiting for an ambulance to arrive on scene and render any necessary medical care.

13. Once LCPD Officers Owen McIntyre and Upp arrived on scene, they immediately ordered Plaintiff to stand by his car. Defendant McIntyre and Upp then accused Plaintiff of being under the influence of alcohol or narcotics.

14. Defendant McIntyre was informed by Plaintiff that he had not been drinking or consuming any drugs prior to operating his motor vehicle. After vehemently denying these accusations, Plaintiff was instructed to take a sobriety test, which he eagerly performed.

15. After Plaintiff conducted the sobriety test, Defendant McIntyre and Upp directed Plaintiff to put his hands behind his back. Plaintiff replied stating that he was not intoxicated and

requested to take a blood test to prove he was telling the truth. Defendants replied stating that there were not any other tests available and that he was still being arrested.

16. Defendant McIntyre and Upp, without any cause, were determined to charge Plaintiff with a crime despite the lack of evidence pointing to intoxication.

17. While in the police car, Plaintiff requested other tests to further demonstrate that he was not intoxicated.

18. Plaintiff was taken to jail and was forced to conduct multiple sobriety tests and was given two breathalyzer tests with the results showing that Plaintiff was not under any influence of alcohol.

19. When Defendant McIntyre could not charge Plaintiff with an alcohol-related offense, he then became determined to charge Plaintiff with anything else.

20. Defendant McIntyre then accused Plaintiff of being under the influence of narcotics, which Plaintiff again vehemently denied.

21. Plaintiff willingly took all urine tests, blood draws, and sobriety tests and even encouraged officers to provide him with these tests to show he was not under the influence of any alcohol or drugs.

22. Defendants continued to direct Plaintiff to take part in sobriety tests and Plaintiff continued to show no signs of intoxication. After Plaintiff successfully performed all sobriety testing, Defendant McIntyre told Plaintiff "You may or not be drunk but I will get you on something."

23. Plaintiff was subsequently prosecuted by the Galveston County District Attorney's Office for the felony offense of Intoxication Assault with a Vehicle Serious Bodily Injury (also known as DWI with Serious Bodily Injury).

24. While Plaintiff remained incarcerated and unable to make bond, he continued to demand his lab results concerning urine and blood draws that he performed at the time of his arrest.

25. Plaintiff's criminal defense counsel made repeated requests for these results to the assistant district attorney assigned to Plaintiff's case, but never received the results while the case was pending for over one year.

26. Plaintiff's criminal defense counsel made repeated attempts to set this case for trial, but the County asked for a trial continuance at each setting.

27. Plaintiff's criminal defense counsel informed the assistant district attorney and the judge that the prosecution should be dropped because the County had repeatedly failed to turn over Plaintiff's laboratory results and sought to continue Plaintiff's detainment in jail by asking for multiple trial continuances.

28. Plaintiff spent nearly three months in jail awaiting trial to prove his innocence.

29. The laboratory results were never provided to Plaintiff or Plaintiff's criminal defense counsel while the prosecution was pending.

30. Despite the County being in possession of Plaintiff's laboratory results that would have shown his innocence, the County withheld such evidence from Plaintiff's counsel.

31. The County finally filed a Motion to Dismiss Plaintiff's prosecution on August 19, 2021 for "insufficient evidence." The Order for dismissal was also signed on August 19, 2021.

32. While relieved that the case was finally dismissed, Plaintiff still never received his laboratory results that would have shown he had no alcohol or drugs in his system at the time of arrest.

33. Plaintiff's criminal defense counsel followed up with the assistant district attorney regarding obtaining the laboratory results, but the County ignored counsel's request.

34. Eventually, the County informed Plaintiff's criminal defense counsel that they had no obligation or duty to disclose the discovery, despite the fact that Plaintiff's criminal defense attorney had made multiple requests for the results over the course of the prosecution and even after.

35. Only after Plaintiff's criminal defense attorney contacted the County's administration to report this breach of duty did the County comply with their discovery obligation and finally disclose Plaintiff's laboratory results from the date of his arrest.

36. The laboratory results showed that Plaintiff had consumed no alcohol and no drugs.

## V. CAUSES OF ACTION UNDER 42 U.S.C. § 1983

### *Count I – False Arrest*

37. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

38. Despite the total lack of probable cause to establish the existence of any crime, Defendants falsely arrested Plaintiff on charges of Intoxicated Assault with a Vehicle/DWI Causing Serious Bodily Injury.

39. The arrest of Plaintiff was intentional and the result of insensible testing in regard to the alleged intoxication of Plaintiff. The false arrest of Plaintiff was an unreasonable seizure of Plaintiff, and violated his rights, as guaranteed by the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. The arrest was in the absence of probable cause.

40. At all times relevant to this Complaint, Defendant McIntyre was a police officer for the LCPD and was acting under the direction and control of the City of League City.

41. As a direct result of the illegal conduct of Defendant McIntyre, the City, and the County, Plaintiff has suffered injury and damage as further described in this Complaint.

### *Count II – Continuing Incarceration and Detention*

42. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

43. In addition to falsely arresting Plaintiff, Defendants caused the incarceration of Plaintiff who was proclaimed to be innocent after serving his time. Plaintiff was incarcerated for approximately three (3) months as a direct result of these false charges.

44. The conduct of the Defendants and the continued incarceration of the Plaintiff deprived the Plaintiff of his rights and privileges under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. As a direct result of these Fourth Amendment violations, Plaintiff has suffered injury and damages.

45. If there is to be evidence provided that Plaintiff's suffering did not constitute a Fourth Amendment violation, the continued incarceration and detention of Plaintiff with lack of probable cause was a violation of his due process rights guaranteed under the Fourteenth Amendment of the United States Constitution.

### *Count III – Conspiracy to Deprive Plaintiff of His Constitutional Rights*

46. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

47. Defendants McIntyre, the City, and the County entered into a conspiracy to deprive Plaintiff of his right to be free from illegal seizure and detention by acting in concert to carry out the illegal seizure and illegal detention described in this Complaint when there was a lack of probable cause to charge Plaintiff with Intoxication Assault with a Vehicle.

48. Defendants were involved in the conspiracy to deprive Plaintiff of his constitutional rights when they arrested Plaintiff without probable cause and continued his detention and prosecution without evidence of intoxication.

49. In fact, evidence demonstrating no intoxication at all was in the hands of the City and County, yet the illegal detention of Plaintiff persisted.

50. The conspiracy involved state action, since Defendant McIntyre and the various officers and officials within the City and County acted under color of the statutes, customs, ordinances, and usage of the State of Texas, the City, and the County.

51. Plaintiff had his constitutional rights violated and suffered mental/emotional damages as a result of these civil rights violations.

### *Count IV – Municipal Liability*

**League City, Texas**

52. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

53. Plaintiff had a constitutional right to be free from unlawful arrest. The individual Defendants were acting under color of the laws and regulations of the State of Texas and the League Police Department in the scope of their employment for the City. As a direct result of Defendants' conduct, Plaintiff was falsely arrested despite the absence of probable cause to establish that he had committed a crime.

54. The conduct set forth *supra* evinces a custom of using improper and coercive investigative techniques and a lack of policies and training instructing officers on the appropriate manner in which to handle criminal investigations, potential witnesses and testing for intoxication.

55. Defendant City had actual knowledge of the need for policies and training related

to proper investigative techniques with officers, suspects and witnesses, yet the City refused to implement any formal policies or training on these issues.

56. Despite this knowledge, the City did not train Defendant McIntyre or Officer Upp Jones on techniques to conduct proper, thorough and non-coercive investigations.

57. This failure to train was in contravention of state law.

58. As a result, Defendant McIntyre and Officer Upp were woefully ill-equipped to address the need for a proper, thorough and non-coercive investigation involving Plaintiff.

59. This lack of training was a moving force behind the deprivation of Plaintiff's constitutional rights.

60. The City, with encouragement from the County, has created and tolerated an atmosphere of lawlessness and has developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

61. At all times relevant herein, Gary Ratliff served as Chief of Police of the LCPD. Chief Ratliff had final policymaking authority over the hiring and training of many of the officers involved Plaintiff's wrongful arrest and prosecution. Specifically, Chief Ratliff allowed or encouraged his officers to use improper or coercive investigative techniques, fail to keep or maintain adequate records, and fail to disclose material exculpatory and impeachment evidence to prosecutors and defense counsel.

62. The City maintained deficient and/or improper policies, customs, and practices regarding the hiring of its officers, the training and supervision of its officers, the handling and testing of evidence, its investigative techniques, its record keeping and documentation of evidence, and other aspects of its investigations and prosecutions during the time in which Plaintiff was charged, jailed and prosecuted and all contributed to this injustice. The City was either actually aware of or deliberately indifferent to the known or obvious consequences of its policies, customs, and practices.

63. In light of the duties and responsibilities of those police officers that participate in arrests, preparation of police reports, and subsequent investigations of alleged crimes, the need for additional training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein, that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

64. The deliberately indifferent and/or non-existent training and supervision provided by the LCPD resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the LCPD and were moving forces in the constitutional and federal violation injuries suffered by Plaintiff.

65. The City also failed to train its employees regarding *Brady* evidence and the obligations that come with being in possession of exculpatory evidence.

66. Plaintiff has been damaged as a proximate result of the City's policies and customs to employ police officers who were inadequately trained and supervised with respect to fundamental investigative techniques and their duty to disclose all material exculpatory and impeachment evidence.

**Galveston County, Texas**

67. The violations of Plaintiff's civil and constitutional rights, as set forth herein, were the direct and proximate results of Defendant Galveston County's then-existing customs, policies and practices. Defendant County expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein and knew or should have known that such conduct was unjustified and would result in violations criminal defendants' constitutional rights, including those of the Plaintiff.

68. Defendant County's official and unofficial policies and customs were to employ Assistant District Attorneys who were inadequately trained and supervised with respect to their duty to disclose to defense counsel all material exculpatory and impeachment evidence and/or to verify the veracity of the evidence its attorneys presented in a prosecution in violation of Plaintiff's rights pursuant to 42 U.S.C. §1983.

69. Defendant County also had an official or unofficial policy, custom, and practice of encouraging Assistant District Attorneys to aggressively pursue convictions regardless of the weight of the evidence against a particular defendant, including unlawful means of pressure and intimidation to coerce a plea deal.

70. Defendant Galveston County's official and unofficial policies, customs, and practices were tantamount to knowingly, willfully, and intentionally disregard the constitutional rights of the defendants it sought to convict.

71. Jack Roady was the District Attorney of Galveston County, Texas at the time of Plaintiff's prosecution. Mr. Roady served as the District Attorney during the arrest, prosecution, and eventual dismissal of Plaintiff's criminal charges. Roady was a key

policymaker who allowed or encouraged and/or allowed his prosecutors to withhold material exculpatory and impeachment evidence to defense counsel.

72. Defendant County performed acts pursuant to municipal policies, practices, customs, and usages, which ratified, tolerated, acquiesced in, maintained, authorized, and permitted the following unconstitutional conduct:

    a. The knowing deliberate and intentional wholesale suppression of exculpatory evidence or information of favorable value from Plaintiff and his counsel to use in his defense of the criminal charges brought against him.

    b. Enabling Assistant District Attorneys to engage in unconstitutional conduct of malicious prosecution of Plaintiff, deliberately undermining Plaintiff's right to a fair trial, right to due process of law, and the right to equal protection of the law.

    c. Tolerating misconduct on behalf of the Galveston County District Attorney's Office and its employees, including the concealment of exculpatory evidence and the continued malicious prosecution of Plaintiff.

    d. Failing to adequately train, supervise, monitor, control, and discipline its Assistant District Attorneys and other employees for engaging in a continuous pattern of misconduct which has led to the false imprisonment and prosecution of innocent people, including Plaintiff.

    e. Condoning and emboldening Assistant District Attorneys to engage in misconduct, in the belief that they could violate Plaintiff's rights with the knowledge that such flagrant conduct would not adversely affect opportunities for job promotion and benefits.

    f. Ratifying actions of its Assistant District Attorneys who withhold exculpatory

evidence and use trial continuances as a strategy to coerce plea deals.

73. Plaintiff has been damaged as a proximate result of Defendant Galveston County's unconstitutional policies, customs, and practices, as described herein. The County acted maliciously, willfully, wantonly, and/or with reckless disregard for his constitutional rights.

### *Count V – Malicious Prosecution*

74. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

75. As stated above, a criminal prosecution against Plaintiff was terminated in Plaintiff's favor when the charges were dropped after being incarcerated for approximately four months.

76. Defendants did not have probable cause to commence a criminal prosecution against Plaintiff.

77. Defendant City and the County withheld exculpatory evidence from Plaintiff and Plaintiff's criminal defense counsel that would have immediately ended the prosecution of Plaintiff for a criminal charge which had no basis in fact.

78. The Defendants suppressed, withheld, and prevented the flow of exculpatory evidence and information gathering during the course of the investigation of the matter. Such evidence that was readily available to Defendants was withheld from Plaintiff and contributed to his prolonged imprisonment and prosecution that was ultimately dismissed.

79. As a result of Defendants' conduct, Plaintiff has suffered from emotional distress, mental anguish, and the cost of his criminal defense. Furthermore, Plaintiff had his constitutional rights violated.

## VI. DAMAGES

80. As a direct and proximate result of the acts outlined above, Plaintiff has been damaged. Defendants' conduct has caused severe injury to the Plaintiff. Furthermore, he has suffered economic loss, emotional and mental anguish, and pain and suffering as a direct result of the violations of his constitutional rights.

81. Plaintiff seeks compensatory damages to compensate him for his damages, which include injuries, mental anguish, pain and suffering, both past and future, and loss of income.

82. Plaintiff also seeks damages for the costs he incurred in having to defend against the false criminal charges filed against him.

83. Plaintiff also seeks exemplary damages against Defendants McIntyre and Upp.

84. Plaintiff has retained the services of the undersigned attorney and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. §§ 1983 and 1988.

85. Punitive/Exemplary Damages against all Defendants. Punitive/exemplary damages are recoverable under section 1983 when the conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. Here, the conduct of the Defendants were done with evil motive or intent, or at the very least, was reckless or callously indifferent to the federally protected rights of the Plaintiff. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future.

## VII. TRIAL BY JURY

86. Plaintiff respectfully requests trial by jury.

## VIII. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff recovers judgment from Defendants; actual damages, compensatory damages, attorney's fees, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff is justly entitled.

Respectfully Submitted,

*/s/ Blerim Elmazi*
BLERIM ELMAZI, ESQ.
State Bar No. 24118375
THE LAW OFFICES OF BLERIM ELMAZI
800 N. Fielder Rd., Suite 100 C
Arlington, TX 76012
(817) 438-0123
Blerim@ElmaziLaw.com

**ATTORNEY FOR PLAINTIFF**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: _____

Brief description of cause: _____

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
*Blerim Elmazi*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____