IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICKEY ANDREWS, | § | |
| | § | Civil Action No. 3:22-cv-46 |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| OWEN MCINTYRE, CITY OF LEAGUE | § | |
| CITY, TEXAS and GALVESTON | § | |
| COUNTY, TEXAS | § | |

*Defendants*.

DEFENDANTS CITY OF LEAGUE CITY TEXAS' & OWEN MCINTYRE'S REPLY
TO PLAINTIFF'S RESPONSE [DOC. 12].

Defendants City of League City, Texas' and police officer Owen McIntyre's reply to Plaintiff's Response [Doc. 12], and in support show as follows:

TABLE OF CONTENTS

Table of Authorities ................................................................................................................ ii

Summary of the Argument ...................................................................................................... 1

    A.   Plaintiff's conclusory allegations do not allege sufficient facts to overcome Officer Owen McIntyre's qualified immunity. ......................................................... 1

    B.   Plaintiff's Municipal Liability claims fail as a matter of law. ................................ 3

        i.   Plaintiff's unidentified self-conjured theory of a "custom" is insufficient to state a claim. .......................................................................... 4

        ii.  Plaintiff's fails to allege facts to state a claim for failure to train ..................... 5

        iii. Plaintiff fails to allege facts to state a claim for failure to supervise................ 7

    C.   Plaintiff's malicious prosecution claim fails as a matter of law ............................... 8

        i.   All tort claims against a City—irrespective of the label fall under the Texas Tort Claims Act. ................................................................................... 9

        ii.  Immunity protects the City from suit and liability for claims of alleged malicious prosecution under Texas law because malicious prosecution is an intentional tort expressly barred by § 101.057(2) of the Texas Tort Claims Act. ............................................................................................... 10

        iii. Plaintiff concedes there is no federal malicious prosecution claim ................ 10

    D.   Plaintiff's conclusory allegations fail to allege a Conspiracy. ............................... 11

        i.   Plaintiff fails to state a class-based animus to support a §1985 Conspiracy Claim .................................................................................... 11

Conclusion and Prayer .......................................................................................................... 12

Certificate of Service ............................................................................................................. 13

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Creighton*,
   483 U.S. 635 (1987) ............................................................................................................... 2

*Baker v. Putnal*,
   75 F.3d 190 (5th Cir. 1996) ............................................................................................... 2, 6

*Benavides v. County of Wilson*,
   955 F.2d 968 (5th Cir. 1992) ................................................................................................. 6

*Bennett v. City of Slidell*,
   728 F.2d 762 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985) ........................ 3

*City of Watauga v. Gordon*,
   434 S.W.3d 586 (Tex. 2014) ................................................................................................ 10

*Clark v. Amoco Production Company*,
   794 F.2d 967 (5th Cir. 1986) ................................................................................................. 2

*Conner v. Travis County*,
   209 F.3d 794 (5th Cir. 2000) ................................................................................................. 6

*Craig v. Dallas Area Rapid Transit Auth.*,
   504 Fed. App'x 328 (5th Cir. 2012) ..................................................................................... 9

*Culbertson v. Lykos*,
   790 F.3d 608 (5th Cir. 2015) ................................................................................................. 4

*Davidson v. City of Stafford, Texas*,
   848 F.3d 384 (5th Cir. 2017) ................................................................................................. 4

*Estate of Davis*,
   406 F.3d at 383 ....................................................................................................................... 7

*District of Columbia v. Wesby*,
   138 S. Ct. 577 (2018) ............................................................................................................. 2

*Franka v. Velasquez*,
   332 S.W.3d 367 (Tex. 2011) .................................................................................................. 9

*Hale v. Harney*,
    786 F.2d 688 (5th Cir. 1986) ............................................................................................ 12

*Hilliard v. Ferguson*,
    30 F.3d 649 (5th Cir. 1994) ........................................................................................ 11, 12

*Melton v. Phillips*,
    875 F.3d 256 (5th Cir. 2017) .............................................................................................. 2

*Meroney v. City of Colleyville*,
    No. 2-05-195-CV, 2006 WL 1452103 (Tex. App. – Ft. Worth May 25,
    2006, no pet.) ..................................................................................................................... 8

*Messerschmidt v. Millender*,
    565 U.S. 535 (2012) ........................................................................................................... 2

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
    253 S.W.3d 653 (Tex. 2008) ......................................................................................... 9, 10

*Morgan v. Chapman*,
    969 F.3d 238 (5th Cir. 2020) ......................................................................................... 9, 11

*Oliver v. Scott*,
    276 F.3d 736 (5th Cir. 2002) .............................................................................................. 2

*Orr v. Copeland*,
    844 F.3d 484 (5th Cir. 2016) .............................................................................................. 2

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ........................................................................................................... 2

*Pfannstiel v. Marion*,
    918 F.2d 1178 (5th Cir. 1990) .......................................................................................... 11

*Pineda v. City of Houston*,
    291 F.3d 325 .................................................................................................................... 6

*Schultea v. Wood*,
    47 F.3d 1427 (5th Cir. 1995) (En Banc) ........................................................................ 2, 6

*Snyder v. Trepagnier*,
    142 F.3d 791 .................................................................................................................... 5

*Southard v. Texas Board of Criminal Justice*,
    114 F.3d 539 (5th Cir. 1997) .............................................................................................. 7

*Spiller v. City of Texas City*,
   130 F.3d 162 (5th Cir.1997) ........................................................................................... 3

*Taylor v. Gregg*,
   36 F.3d 453 (5th Cir. 1994) .......................................................................................... 10

*Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*,
   257 S.W.3d 379 (Tex. App.—Fort Worth 2008) ........................................................... 8

*Thompson v. Upshur County*,
   245 F.3d 447 (5th Cir. 2001) .......................................................................................... 7

*Travis Cty. v. Pelzel & Assocs.*,
   77 S.W.3d 246 (Tex. 2002) ............................................................................................ 9

*Valle v. City of Houston*,
   613 F.3d 536 (5th Cir. 2010) ...................................................................................... 6, 7

*Waller v. Hanlon*,
   922 F.3d 590 (5th Cir. 2019) .......................................................................................... 2

*Webster v. City of Houston*,
   735 F.2d 838 (5th Cir. 1984) (en banc) ......................................................................... 4

*Zarnow v. City of Wichita Falls*,
   614 F.3d 161 (5th Cir. 2010) ...................................................................................... 5, 6

**Statutes**

42 U.S.C. § 1985(3) ............................................................................................................ 11

Tex. Civ. Prac. & Rem. Code 101.057 ......................................................................... 1, 10

Tex. Civ. Prac. & Rem. Code § 101.106(a) ...................................................................... 10

**Other Authorities**

Fourth Amendment ............................................................................................................. 2

SUMMARY OF THE ARGUMENT

1.  Plaintiff's conclusory allegations do not allege sufficient facts which overcome the presumption of Officer Owen McIntyre's qualified immunity.

2.  Plaintiff fails to allege his purported "custom of using improper and coercive [investigative] techniques" was the moving force behind Plaintiff's alleged constitutional violation. As a matter of law, Plaintiff has failed to allege facts to state a municipal liability claim. Similarly, Plaintiff's wholly conclusory failure to train and supervise claim fails to allege facts under a theory of municipal liability in light of TCOLE training all Texas peace officers—including Officer McIntyre receive.

3.  Lastly, Plaintiff fails to allege facts to support his conspiracy or malicious prosecution claims. First, Plaintiff fails to identify specific facts to show a racially motivated animus between the City, Officer McIntyre, and Plaintiff to illustrate a conspiracy claim. Second, federal law does not provide a claim for malicious prosecution. To the extent a claim is recognized, Plaintiff's purported state law malicious prosecution claim is barred by both TEX. CIV. P. REM. Code 101.057 and 101.106 of the Texas Tort Claims Act.

   **A. Plaintiff's conclusory allegations do not allege sufficient facts to overcome Officer Owen McIntyre's qualified immunity.**

4.  Plaintiff tacitly admits he failed to plead facts to overcome the presumption of Officer McIntyre's qualified immunity as Plaintiff chooses to focus his attack on the *concept* of qualified immunity, *see* [Doc. 12 ¶23]. An issue resurfacing beyond the Court's Revision. In so doing, Plaintiff invites the Court to disregard controlling United States

Supreme Court and Fifth Circuit precedent requiring this Court to analyze, indeed presume the applicability of, qualified immunity. *District of Columbia v. Wesby*, 138 S. Ct. 577, 591 (2018); *Messerschmidt v. Millender,* 565 U.S. 535, 546 (2012); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

5. Assuming *arguendo* Plaintiff has stated a Fourth Amendment claim for an arrest lacking probable cause, Plaintiff's allegations still fail to overcome the presumption of Officer McIntyre's qualified immunity. Qualified immunity is an immunity from suit that must be decided by the Court at the earliest possible stage of litigation—here, on Defendant's Motion to Dismiss. *See Melton v. Phillips*, 875 F.3d 256, 260 (5th Cir. 2017); *see also Waller v. Hanlon*, 922 F.3d 590, 598 (5th Cir. 2019).

6. To state a claim against public servants who have asserted qualified immunity, a plaintiff must "plead more than conclusions" and allege facts that overcome qualified immunity. *See Schultea v. Wood*, 47 F.3d 1427, 1430-34 (5th Cir. 1995) (En Banc); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996); *Clark v. Amoco Production Company*, 794 F.2d 967, 970 (5th Cir. 1986). The Court must

7. Here, Plaintiff offers mere conclusory allegations and Plaintiff has failed to allege facts sufficient to overcome Officer McIntyre's qualified immunity, as required. *Orr v. Copeland*, 844 F.3d 484, 490-91 (5th Cir. 2016). Plaintiff has failed to allege facts that identify any basis for concluding that every objective officer would have been on notice that arresting the Plaintiff after a vehicle collision, under suspicion of intoxication of some substance, and following the administration of a standardized field sobriety test was clearly

unlawful. *Compare* [Doc. 1, ¶¶13-15] with [Doc. 12 ¶ 25]. Plaintiff has failed to allege sufficient facts that overcome Officer McIntyre's qualified immunity. Plaintiff's attack on the concept of immunity does not excuse Plaintiff's pleading failure.

    **B. Plaintiff's Municipal Liability claims fail as a matter of law.**

8.    Plaintiff bases his claim of municipal liability on a conclusorily asserted "custom of using improper and coercive investigative techniques," and the now too-rote bald assumptions of failure to train or supervise claim. [Doc. 1¶¶ 52-66]. In doing so, Plaintiff haphazardly intermingles the two claims and its respective elements to his own detriment at the motion to dismiss stage.

9.    Notably, beyond backing into the conclusions based solely upon Plaintiff's own experience, Plaintiff fails the *Twombly* pleading requirements of facts. Yet, it has long been the law of this Circuit that to avoid dismissal of claims against a governmental entity, like the City of League City, for failure to state a claim under Section 1983, "[t]he [Plaintiff's] description of a [governmental] policy or custom and its relationship to [a demonstrable] underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir.1997).

10.    Plaintiff must allege **facts** which plausibly show: (1) an unconstitutional City policy existed; (2) that a City policymaker knowingly created or tolerated the unconstitutional policy; and (3) that the City's policy was the moving force that directly caused the violation of a Plaintiff's rights. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

    **i.    Plaintiff's unidentified self-conjured theory of a "custom" is insufficient to state a claim.**

11.    Plaintiff's conclusory statement that the City had a "custom of using improper and coercive investigative techniques," apparently based only on Plaintiff's arrest – Plaintiff pleadings no facts - is insufficient as a matter of law to plead a *custom* for a municipal liability claim. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). To survive a motion to dismiss on a claim of an unconstitutional custom or practice claim, Plaintiff must allege facts to allow a reasonable inference there allegedly was a *pattern* of misconduct involving similar acts. *See Culbertson v. Lykos*, 790 F.3d 608, 616, 628 (5th Cir. 2015).

12.    It is not sufficient that—because Plaintiff thinks his own arrest unlawful, Plaintiff **believes** it is based on some custom. Municipal liability for a policy based on a *pattern*, [the] pattern must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396 (5th Cir. 2017) (internal citations omitted). "A pattern requires similarity, specific, and sufficiently numerous prior incidents." *Id.* Obviously, to state a claim on this requisite pattern, Plaintiff must allege facts supporting those requirements.

13.    Yet, Plaintiff's complaint is devoid of any factual allegations to illustrate a pattern of "using improper and coercive investigative techniques," beyond Plaintiff's complaint of his own arrest. At best, Plaintiff pleads conclusory facts surrounding a *single instance*

made the basis of this litigation, but his conclusions are inadequate to support a "custom" to survive a motion to dismiss. [Doc. 1¶¶56-66].

14. Further, Plaintiff fails to allege facts to explain how the custom Plaintiff imagines was the moving force behind the Plaintiff's purported harm. To the very contrary, Plaintiff claims an equally conclusory alleged "lack of training was a moving force behind the deprivation of Plaintiff's rights." Plaintiff fails to allege facts sufficient to establish the elements for a municipal liability claim.

### ii. Plaintiff's fails to allege facts to state a claim for failure to train

15. "To state a claim based on failure to train, a Plaintiff must allege facts showing: (1) the [government's] training procedures were inadequate, (2) the [government] was deliberately indifferent in adopting its training policy and (3) the inadequate training policy directly caused the violations in question." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (internal quotations omitted).

*16.* In complete disregard of well-settled Supreme Court and circuit authority, and Texas state-mandated minimum training for peace officers that *has consistently been found to be constitutionally adequate*, Plaintiff's conclusory lack of training of an entire police force, *based solely on one police encounter* is misguided. It is so well-settled as to be beyond debate that "a single violent incident ordinarily is insufficient to hold a municipality liable for inadequate training." *Snyder v. Trepagnier,* 142 F.3d 791, 798.

17. Rather, to state a claim, Plaintiff must allege facts that demonstrate 'at least a pattern of similar incidents in which the citizens were injured...to establish the official policy requisite to municipal liability under section 1983." *Id*. at 798-99 (quoting *Rodriguez v.*

*Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989)) (internal citation omitted).  Plaintiff has not even attempted to meet this burden.

18.   Plaintiff initially asserts Officer McIntyre did not have any training on how to "conduct proper, thorough and non-coercive investigations." [Doc. 1¶56]. However, Plaintiff later concedes the City offered training to its officers, but claims it was "deficient" or "inadequate." [Doc. 1¶62].  Both arguments fail.  The Fifth Circuit has made clear an adequate training program need only "enable officers to respond properly to the usual and recurring situations with which they must deal." *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992).

19.   Moreover, the Fifth Circuit has made equally clear that a Texas peace officer who successfully completes state-mandated TCOLE training—Plaintiff does not allege Officer McIntyre did not—is trained to at least the necessary contractual minimum to avoid municipal liability.  *Cf., Zarnow v. City of Wichita Falls Tex.,* 614 F.3d 161, 171; *Roberts*, 397 F.3d at 293; *Pineda v. City of Houston*, 291 F.3d 325, 334; *Conner v. Travis County*, 209 F.3d 794, 798 (5th Cir. 2000); *Baker v. Putnal*, 75 F.3d 190, 199-200 (5th Cir. 1996); *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992); accord, *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).

20.   Plaintiff's conclusory assertion that "the City did not train Defendant McIntyre or Officer Upp Jones on techniques to conduct proper, thorough and non-coercive investigations" also fails because Plaintiff refers to the single police encounter made the basis of this suit which is inadequate as a matter of both law and logic to state a claim based on failure to train or supervise claim.  *See Valle v. City of Houston*, 613 F.3d 536, 549 (5th

Cir. 2010) "The 'single incident exception' is extremely narrow; 'a plaintiff must prove that the *highly predictable consequence* of a failure [to train or supervise] would result in the specific injury suffered, and the failure to [train or supervise officers] represented the moving force behind the constitutional violation.'" *Id.*

### iii. Plaintiff fails to allege facts to state a claim for failure to supervise

21. To state a claim of a constitutionally deficient police supervision policy, Plaintiff is required to allege facts which show: (1) the City systematically failed to supervise its officers; (2) a causal connection existed between the alleged failure to supervise officers and deprivation of Plaintiff's rights; and (3) the failure to supervise officers occurred due to deliberate indifference of the City's policymaker. *Davis*, 406 F.3d at 381 (emphasis added); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001); *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997).

22. Again, Plaintiff's claim is preceded by the fact that—in addition to failing to allege facts showing a City *policy*, of a failure to supervise, Plaintiff's assertion is based solely on his own arrest. An alleged failure to supervise claim stemming from a single occurrence like the Plaintiff's claim here generally requires factual allegations which "demonstrate a pattern of violations." *Estate of Davis*, 406 F.3d at 383 (emphasis added) (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)). Like Plaintiff's failure to train claim, this generally requires factual allegations of "at least a pattern of similar incidents in which the citizens were injured." *Id.* (quoting *Snyder*, 142 F.3d at 798-99). Because Plaintiff has failed to allege any facts even suggesting a pattern of similar incidents, Plaintiff's failure to supervise claim meets the same fate of dismissal as Plaintiff's theory of a failure to train.

### C. Plaintiff's malicious prosecution claim fails as a matter of law

23. Plaintiff alleges a malicious prosecution claim against all Defendants. In his response to Defendants' Motion to Dismiss, however, Plaintiff claims he "has no claims against the City pursuant to the TTCA" and Plaintiff only addresses the malicious prosecution claim against Officer McIntyre, individually. [Doc.12 ¶47-49]. Further, to avoid dismissal of his state law malicious prosecution claim, Plaintiff claims he has not *characterized* his claims as coming within the scope of section 101.021 of the Act. [Doc. 12 ¶49]. Plaintiff's argument fails for a myriad of reasons.

24. First, Plaintiff fails in his ethical duty to the Court by citing to the *vacated* Texas case of *Meroney v. City of Colleyville*, No. 2-05-195-CV, 2006 WL 1452103 at 5 (Tex. App. – Ft. Worth May 25, 2006, no pet.). Without revealing to the Court that the decision was vacated by the Texas Supreme Court and later observed by the Fort worth Court of Appeals to have also been inconsistent to support his contention that an "suit alleging intentional tort claims against a government entity that does not attempt to characterize those claims as coming within the scope of section 101.021 [of the TTCA] is not a suit brought under the [Act] and does not preclude a suit against an employee of the entity in his or her individual capacity for causes of action with ample Supreme Court authority. Simply put, *Meroney*, has no precedential value. *See Tex. Bay Cherry Hill, L.P. v. City of Fort Worth,* 257 S.W.3d 379, 400 n.9 (Tex. App.—Fort Worth 2008), and Plaintiff should not have cited it at all.

### i. All tort claims against a City—irrespective of the label fall under the Texas Tort Claims Act.

25. Plaintiff's contention that, because he "has no claims against the City pursuant to the TTCA… the election of remedies provision of the [Texas Tort Claim] Act does not apply here" is contrary to clear Texas law and easily disposed. "Section 101.106(f) of the Texas Tort Claims Act provides that a suit against a government employee acting within the general scope of his employment must be dismissed "if it could have been brought under this chapter [that is, under the Act] against the governmental unit." *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011)(internal citations omitted). That provision precludes Plaintiff's state law claims against Officer McIntyre.

26. To be sure, the Texas Supreme Court has **never** interpreted "under this chapter" to only encompass tort claims for which the Tort Claims Act waives immunity. (emphasis added). *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658 (Tex. 2008). Rather, "all [common-law] tort theories alleged against a governmental unit are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Franka,* 332 S.W.3d at 369.

27. Thus, irrespective of a "TTCA label," Plaintiff's malicious prosecution claim is a common law intentional tort that falls within the umbrella of the TTCA, *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020); *Travis Cty. v. Pelzel & Assocs.*, 77 S.W.3d 246, 248 (Tex. 2002) , even if the claim is barred, as it is. *See Craig v. Dallas Area Rapid Transit Auth.*, 504 Fed. App'x 328, 334 (5th Cir. 2012); *Pelzel & Assocs.*, 77 S.W.3d at 248.

28.     Further, despite his response briefing, Plaintiff clearly asserts his state law malicious prosecution claim against *all* defendants. Thus, irrespective of whether Plaintiff attached a "TTCA label" to his claim, Plaintiff's decision to assert his claim against Officer McIntyre and the City constitutes an "immediate and irrevocable" election of remedies by Plaintiff that bars suit or recovery by Plaintiff against Officer McIntyre for any tort claim. *See* Tex. Civ. Prac. & Rem. Code § 101.106(a); *Mission Consol. Indep. Sch. Dist*. 253 S.W.3d at 658-59.

   ii.  **Immunity protects the City from suit and liability for claims of alleged malicious prosecution under Texas law because malicious prosecution is an intentional tort expressly barred by § 101.057(2) of the Texas Tort Claims Act.**

29.     Plaintiff concedes the TTCA's waiver of immunity does not apply to claims arising out of "any intentional tort" yet makes a conclusory allegation—with no supporting authority that "Plaintiff's state tort claims of malicious prosecution against Defendant are the sort of intentional torts protected under the statute." Yet, as the previously cited case law and §101.057(2) itself makes clear, no individual tort claim can be the basis of a waiver of governmental or this individual immunity under TEX. CIV. PRAC. & REM. CODE§ 101.106(f). TEX. CIV. PRAC. & REM. CODE§ 101.057(2) precludes waiver of immunity for "assault, battery, false imprisonment, or **any other intentional tort**." TEX. CIV. PRAC. & REM. CODE§ 101.057(2) (emphasis added); *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994); *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014).

   iii.  **Plaintiff concedes there is no federal malicious prosecution claim**

30.     Lastly, Plaintiff concedes "the Fifth Circuit has described the claim for malicious prosecution as not "independently cognizable" under § 1983 but explained that a claim

under § 1983 "must rest upon a denial of rights secured under federal and **not state law**."" (emphasis added). [Doc. 12¶ 53]. Plaintiff ignores the fact that alleged malicious prosecution is not a recognized constitutional violation. *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020). The Fifth Circuit "used to recognize an analogous constitutional right to be free from malicious prosecution. Today, it does not." *Id* (internal citations omitted).

### D. Plaintiff's conclusory allegations fail to allege a Conspiracy.

31. In his response, Plaintiff *now* alleges Plaintiff brings a conspiracy claim under section 1983. However, Plaintiff misstates the applicable statute under which a Conspiracy claim can be prosecuted. "A conspiracy by itself, however, is not actionable under section 1983."*Pfannstiel v. Marion,* 918 F.2d 1178, 1187 (5th Cir. 1990).

### i. Plaintiff fails to state a class-based animus to support a §1985 Conspiracy Claim

32. To state a claim of a conspiracy to violate civil rights under 42 U.S.C. § 1985(3), a plaintiff must allege *facts*: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). The plaintiff must allege facts to show that the conspiracy was motivated by a class-based animus. *Id.*

33. Plaintiff fails to assert, must less plead plausible *factual* allegations, of a racial or otherwise class-based discriminatory animus behind the alleged conspirator's actions. This failure alone is sufficient to dismiss a claim under §1985. *Hilliard,* 30 F.3d at 652-53.

34. Plaintiff cites to the same conclusory statement already addressed in Defendants Motion to Dismiss. Namely, Plaintiff's wholly conclusory assumption that "Defendants McIntyre, the City, and the County entered into a conspiracy to deprive Plaintiff of his right to be free from illegal seizure and detention by acting in concert to carry out the illegal seizure and illegal detention described in this Complaint when there was a lack of probable cause to charge Plaintiff with Intoxication Assault with a Vehicle." Beyond this conclusory statement, Plaintiff provides nothing more; certainly no facts. Simply conclusory allegations of conspiracy, however, without reference to material facts, are insufficient to state a conspiracy claim under § 1983. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).

## CONCLUSION AND PRAYER

Plaintiff failed to allege facts which support any claim under federal or state law. Therefore, Defendants Officer McIntyre and the City of League City, Texas move the Court dismiss Plaintiff's claims with prejudice, and afford Defendants all other relief to which they are justly entitled in law and equity.

    Respectfully submitted,

    By: /s/ William S. Helfand
    William S. Helfand
    Attorney-In-Charge
    Texas Bar No. 09388250
    S.D. Tex. Bar No. 8791
    Norman Ray Giles
    Texas Bar No. 24014084

        S.D. Tex. Bar No. 26966
        Randy Lopez
        Texas Bar No. 24091829
        S.D. Tex. Bar No. 3369137

        OF COUNSEL:
        LEWIS BRISBOIS BISGAARD & SMITH, LLP
        24 Greenway Plaza, Suite 1400
        Houston, Texas 77046
        (713) 659-6767
        (713) 759-6830 (fax)
        Attorneys for Defendants

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 26th day of April, 2022.

Blerim Elmazi, Esq.
The Law Offices of Blerim Elmazi
800 N. Fielder Rd., Suite 100 C
Arlington, Texas 76012
**blerim@elmazilaw.com**
Attorney for Plaintiff

                                            /s/ *William S. Helfand*
                                            William S. Helfand