IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MICKEY ANDREWS,** § | | |
| § | | |
| *Plaintiff,* § | CIVIL ACTION NO. 3:22-cv-00046 | |
| § | | |
| v. § | | |
| § | | |
| **OWEN MCINTYRE, CITY OF** § | | |
| **LEAGUE CITY, TEXAS and** § | | |
| **GALVESTON COUNTY, TEXAS** § | | |
| § | | |
| *Defendants.* § | | |

### GALVESTON COUNTY'S REPLY TO
### PLAINTIFF'S RESPONSE TO GALVESTON COUNTY'S
### MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE JEFFREY V. BROWN:

Defendant, Galveston County, Texas ("Galveston County" or the "County"), files this Reply to Plaintiff's Response [Dkt. 13] (the "Response"), to Galveston County's Rule 12(b)(6) Motion to Dismiss [Dkt. 11] (the "Motion"), and in support thereof, respectfully shows as follows:

### I.   SUMMARY OF ARGUMENT

In his Response, Plaintiff failed to address three arguments from Galveston County's Motion to Dismiss, each of which independently results in dismissal of all[1] of Plaintiff's municipal liability claims against Galveston County. Specifically, Plaintiff

---

[1] The Response also does not address County arguments resulting in partial dismissal, including that the County cannot be responsible for "False Arrest", and that punitive damages are unavailable against the County. (*See* Motion, at pp. 6-7, 19-20).

1

failed to address Fifth Circuit precedent consistently holding that handling exculpatory evidence is a prosecutorial (State Office) function and that a County is not responsible for training and supervising prosecutors exercising these functions. Plaintiff also failed to address Fifth Circuit cases finding no constitutional right to pre-trial disclosure of potentially exculpatory evidence under the *Brady* doctrine, warranting dismissal of a Section 1983 claim grounded in such an omission by a prosecutor or related failure to train allegation. Plaintiff further failed to address the August 12, 2021 release date on the toxicology report on which he bases his Original Complaint[2] and the fact that a mere seven-day lapse between report issuance and criminal case dismissal on August 19, 2021 cannot plausibly serve as the moving force for any constitutional violation alleged against the County.

Finally, Plaintiff's Response attempts to over-simplify the Rule 12(b)(6) Motion to Dismiss standard and regurgitates his conclusory allegations in support of his Section 1983 claims. Plaintiff's complaint remains devoid of sufficient factual allegations to support his claims requiring dismissal.

## II. REPLY ARGUMENT AND AUTHORITIES

### A. Handling Exculpatory Evidence Is A Prosecutorial (State) Function, And The County Is Not Responsible For Training or Supervising Prosecutors Exercising These Functions.[3]

---

[2] (*See* Motion, pp.4-5, Ex. 1-A).

[3] As a result, as a matter of law the Galveston County District Attorney could not have been a Galveston County policymaker whose conduct was the moving force behind Plaintiff's alleged constitutional violation.

In his Complaint, Plaintiff seeks to hold Galveston County, a municipal entity, responsible under Section 1983 for a prosecutor allegedly withholding of evidence and an alleged failure to train or supervise prosecutors to not withhold evidence.[4] Plaintiff premised all four "Counts"[5] in his Complaint against Galveston County on these alleged acts. Furthermore, Plaintiff identified only Galveston County District Attorney, Jack Roady, as the final policymaker through whom Plaintiff seeks to impose municipal liability against Galveston County. (*See* Complaint at ¶ 71 [Dkt. 1]).

Galveston County cites significant precedent in this Circuit consistently holding that allegations against a District Attorney for withholding evidence and failure to train or supervise prosecutors to not withhold evidence are "prosecutorial" functions, and therefore conducted on behalf of the state as opposed to those duties that are "administrative or managerial in nature" – which are conducted on behalf of the county. *See e.g.*, *Mowbray v. Cameron Cty., Tex.*, 274 F.3d 269, 274-276, 278 (5th Cir. 2001); *see also*, *Estrada v. Healey*, CV-H-15-0092, 2015 WL 13158514, at *1, 11-12 (S.D. Tex. June 4, 2015); *Moon v. City of El Paso*, 2016 WL 9777021, *1, 8 (W.D. Tex. 2016); *Wooden v. State*, No. 4:05-cv-022-A, 2005 WL 1473854, *2 (N.D. Tex. 2005); *Washington v. City of Arlington, Tex.*, No. Civ. A 405CV175BE, 2015 WL 1502150, at *1, 3 (N.D. Tex. June 23, 2005). By failing to contest or even address this precedent, Plaintiff effectively concedes that his

---

[4] Galveston County disputes the validity of each of these allegations.

[5] The "Counts" include Count II - Continuing incarceration and detention (Complaint at ¶¶ 42-45 [Dkt. 1]); Count III - Conspiracy to deprive Plaintiff of his constitutional rights, (*Id*. at ¶¶ 46-51); Count IV(b) - Municipal liability, (*Id*. at ¶¶ 67-73); and Count V – Malicious Prosecution, (*Id*. at ¶¶ 74-79).

3

claims against Galveston County based on "prosecutorial" functions –dealing with exculpatory evidence or failing to train on such an alleged duty - requires dismissal.

Furthermore, Plaintiff should not be permitted to amend his Complaint as the issue is not a matter of "insufficient factual allegations," but rather there is no valid claim for the acts Plaintiff alleges no matter how factually specific they are pled. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); *accord Little v. KPMG LLP*, 575 F.3d 533, 541 (5th Cir. 2009). A claim has "*facial plausibility*" when the plaintiff "pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff has not done that here.

### B. There Is No Constitutional Duty Under *Brady* To Disclose Potential Exculpatory Evidence When Charges Are Dismissed Prior To Trial.

Plaintiff's Response also fails to address the argument that claims premised on the suppression of potentially exculpatory evidence or information at the pre-trial stage are not actionable under *Brady*. *See e.g. United States v. Frick*, 490 F.2d 666, 668-69, 671 (5th Cir. 1973) (defendant's claim of suppression of potentially exculpatory evidence or information is not actionable at the pre-trial stage); *see also, Archer v. United States*, 393 F.2d 124, 125 (5th Cir. 1968) (holding *Brady* inapplicable at pre-trial stages); *Weatherford v. Bursey*, 429 U.S. 545, 551 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."); *United States v. Causey*, 356 F. Supp.

2d 681 (S.D. Tex. 2005) (denying defendant's motion for production of *Brady* material during the discovery stage).

The Fifth Circuit recently confirmed that there is no underlying *Brady* requirement to disclose exculpatory evidence in pre-trial stages. *See Mansfield v. Williamson County*, 30 F.4th 276, 280 (5th Cir. 2022). Citing the Fifth Circuit's decision in *Alvarez v. City of Brownsville*[6], the underlying district court foreclosed a plaintiff's Section 1983 claim on the "legal question" of whether a prosecutor's withholding of evidence pre-trial could support a his claim against Williamson County. *Mansfield v. Williamson County*, 2020 WL 13146202, *2-3 (W.D. Tex. 2020). Arguably more robust, but similar, allegations to those made by Plaintiff here could not legally support a Section 1983 claim against Williamson County. *See Id*. (alleged policies from the District Attorney included, ". . . failing to disclose exculpatory evidence to individuals facing criminal charges; purposefully training, tolerating, and permitting prosecutors or investigators to conceal exculpatory evidence to circumvent their disclosure obligations; tolerating and failing to discipline prosecutors or investigators for fraudulent behavior and for circumventing *Brady* and court orders mandating disclosure of exculpatory evidence and inadequate supervision; [and] retaining prosecutors or investigators that conceal exculpatory evidence or fraudulently obtain guilty pleas."). Plaintiff's vague allegations of policies tantamount to a failure to disclose evidence cannot support his claims here.

---

[6] 904 F.3d 382, 391-92 (5th Cir. 2018) (en banc), *cert. denied*, 139 S. Ct. 2690 (2019) (holding that a Section 1983 claim against a municipality cannot be supported by an act for which there is no constitutional right such as a defendant being presented with *Brady* material before entering a guilty plea).

Plaintiff' silence here is telling. Each of his Section 1983 claims must be dismissed as the District Attorney was under no obligation to produce any potential exculpatory evidence to Plaintiff during the pre-trial stage. Plaintiff had no constitutional right to exculpatory evidence. Finally, Plaintiff should not be permitted to amend his Complaint as the issue is not "insufficient factual allegations," but rather there is no valid claim for the acts Plaintiff alleges no matter how factually specific they are pled.

### C. Plaintiff's Reliance On The Toxicology Report Dated August 12, 2021 Conclusively Forecloses The Moving Force Element Warranting Dismissal For All Section 1983 Claims Against Galveston County.

Plaintiff's Complaint relies heavily on a toxicology report he claims was withheld from him, but which he eventually obtained. (Complaint, at ¶¶ 35-36). The toxicology report evidences that it was issued on August 12, 2021, which is a mere seven days before Plaintiff's criminal case was dismissed on August 19, 2021. (*See* Motion, at Ex. 1-A). Again, Plaintiff uses this report as a crutch for all of his Section 1983 claims against Galveston County. Indeed, Plaintiff alleges that Galveston County is liable under Section 1983 for maintaining a policy and/or custom of withholding and/or not timely disclosing potentially exculpatory evidence, *i.e.*, the subject toxicology report (Complaint at ¶¶ 24-25, 28-30, 68, 72, 77-78 [Dkt. 1]).

To create municipal liability, a custom or policy must be *plausibly* alleged to have been the moving force of the injury. *See Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019); *Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001). Yet, the toxicology report on which he bases his entire case was not issued until August 12, 2021 - seven days before his criminal case was dismissed on August 19, 2021. The District

Attorney's Office could not possibly have withheld a report prior to it being issued. Given these facts, there is no Galveston County policy or custom that could have been the moving force of Plaintiff's alleged constitutional violation. In other words, the undisputed facts alleged in Plaintiff's Complaint cannot *plausibly* support Plaintiff's Section 1983 claim. Plaintiff wholly ignores the fundamental problem that his facts, whether sufficiently pled or not, cannot *plausibly* support any of the Section 1983 claims asserted against Galveston County. *Iqbal*, 556 U.S. at 677 (*quoting Twombly*, 550 U.S. at 570); *accord Little v. KPMG LLP*, 575 F.3d 533, 541 (5th Cir. 2009). Moreover, Plaintiff should not be permitted to amend his Complaint as the issue is not "insufficient factual allegations," but rather there is no valid claim for the acts Plaintiff alleges no matter how factually specific they are pled.

### D. Plaintiff's Response Oversimplifies Municipal Liability Pleading Standards – Inadequate Policy and Training Allegations Warrant Dismissal.

To state a claim, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearse Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (*quoting Twombly* 550 U.S. at 555). A court is not required to accept mere legal conclusions as true, instead a complaint "must be supported by factual allegations." *Id*. Merely listing generalized legal standards, without providing substantive factual matter to support them, as Plaintiff has done in this case, does not state a claim. *See Vulcan Materials Co. v. City of Tehuaacana*, 238 F.3d 382, 387 (5th Cir. 2001). To avoid dismissal of claims against a governmental entity for failure to state a claim, "[t]he [Plaintiff's] description of a [governmental] policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it

7

must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir.1997) (emphasis added). Plaintiff must allege facts which plausibly show: (1) an unconstitutional County policy existed; (2) that a County policymaker knowingly created or tolerated the unconstitutional policy; and (3) that the County's policy was the moving force that directly caused the violation of a Plaintiff's rights. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

### 1. *The required elements of a Municipal Liability case against Galveston County have not been pled.*

A complaint under Section 1983 must allege that the acts complained of occurred under color of state law and that the complaining parties were deprived of rights guaranteed by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Piotrowski*, 51 F.3d at 515. In addition to sufficiently factually pleading the municipality liability elements, Section 1983 requires allegations pled that the constitutional or statutory deprivation was intentional or due to deliberate indifference and not the result of mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 826 (1994). Galveston County cannot be liable for actions alleged under any "Count" unless Plaintiff has sufficiently pled all elements of municipal liability, identified a constitutional right that has been violated, and harm caused by that violation.

In his Complaint, Plaintiff fails under Count II, Count III, and Count V to plead that the alleged constitutional deprivation was either intentional or due to deliberate

indifference and not the result of mere negligence. (Complaint at ¶¶ 42-51 and 74-79 [Dkt. 1]). As a result, Plaintiff's Complaint should be dismissed.

### 2. *The alleged policy and/or custom relied upon by Plaintiff is insufficiently pled to state a valid claim against Galveston County.*

Plaintiff's conclusory statement that Galveston County maintained a "continuous pattern of suppressing exculpatory evidence" is insufficient as a matter of law to plead a *policy or custom* for a municipal liability claim. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). To survive a motion to dismiss on a claim of an unconstitutional custom or policy claim, Plaintiff must allege facts to allow a reasonable inference there allegedly was a *pattern* of misconduct involving similar acts. *Mansfield v. Williamson County*, 30 F.4th at 280 (5th Cir. 2022); *See Culbertson v. Lykos*, 790 F.3d 608, 616, 628 (5th Cir. 2015).

Plaintiff's Response indicates a mistaken belief that just because his confinement and prosecution was allegedly unlawful, allegations of a "policy" or "custom" are sufficient. A policy based on a *pattern* of conduct must be supported by specific allegations demonstrating instances of conduct having occurred for so long or so frequently that the course of conduct warrants attributing notice to the governing body that the objectionable conduct is the expected and accepted practice of county employees. *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396 (5th Cir. 2017). "A pattern requires similarity, specific, and sufficiently numerous prior incidents." *Id.* Obviously, to state a claim on this requisite pattern, Plaintiff must allege facts supporting those requirements.

9

Plaintiff's complaint however is devoid of any factual allegations to illustrate a pattern of "suppressing exculpatory evidence," and instead contains conclusory facts surrounding only his own experience which is inadequate to support a "policy or custom" to survive a motion to dismiss. (Complaint at ¶¶ 67-73 [Dkt. 1]). There is no description of how widespread it purportedly is, let alone the factual support demonstrating the mere existence of any such policy or custom. *See Id*. As this Court held in *Miller*, these types of general and conclusory allegations cannot support a claim against Galveston County. *Miller v. City of Texas City*, No. 3:18-CV-00284, 2019 WL 2189262, at *3 (S.D. Tex. 2019). Instead, Plaintiff's allegations are of the type that are "extremely short on specificity, and underscore the paucity of specific allegations regarding municipal liability." *Id*. (*citing May v. City of Arlington*, No. 3:16-CV-1674-L, 2019 WL 1275226 (N.D. Tex. 2019).

Even if an unconstitutional governmental policy or custom were appropriately alleged, which has not been done, liability inures to the County under Section 1983 only when the execution of that County's policy or custom actually caused a constitutional violation. *Piotrowski*, 237 F.3d at 581. Deliberate indifference requires Plaintiff to allege a County official is aware of facts from which an inference of substantial risk of serious harm could be drawn and that he actually drew that inference. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381–82 (5th Cir. 2005). Plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997). To meet the "moving force" element, a plaintiff is required to

show a direct causal connection between the policy and the deprivation, which is more than a mere "but for" coupling. *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992). Plaintiff has alleged no facts that would demonstrate any County official was deliberately indifferent or that a County policy or custom was a moving force in the alleged violation of his rights.

### 3. *Plaintiff fails to allege facts to state a claim for failure to train or supervise.*

To properly state a claim for failure to train or supervise, Plaintiff must allege facts showing: (1) Galveston County's training and supervision policy procedures were inadequate; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of Plaintiff's rights; and (3) Galveston County's failure to train or supervise constituted deliberate indifference to Plaintiff's rights. *See Arnone v. County of Dallas County, Texas*, 29 F.4th 262, 272 n.78 (5th Cir. 2022); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). The Fifth Circuit has made it clear that identifying inadequacies in a training program is required to state a claim for failure to train and not doing so will result in dismissal. *Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005). As restated in *Roberts*, for liability to attach based on an "inadequate training" claim, a plaintiff must allege with specificity how a particular training program is defective. Roberts, 397 F.3d at 293. "Plaintiffs cannot prevail by styling their complaints about the specific injury suffered as a failure to train claim." *Id*. "[T]he Supreme Court specifically warned against this type of artful pleading." *Id* (*quoting City of Canton v. Harris*, 489 U.S. 378, 391 (1989)).

Here, Plaintiff's Response fails to point to allegations of any inadequacies or defects to support his failure to train or supervise theory and instead sets forth conclusory allegations solely based on his own experience. Nor does Plaintiff relate any alleged deficiency to the harm he allegedly suffered. Plaintiff must, but does not, connect any facts showing a causal link between any alleged failure and harm. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). As stated in *Miller*, "[w]ithout facts to plausibly demonstrate any inadequacies in [Galveston County's] training policies, [Plaintiff's] failure to train claim must be dismissed." No. 3:18-CV-00284, 2019 WL 2189262, at *4 (citations omitted).

In addition to failing to make specific allegations of defects in training or supervision, Plaintiff wholly fails to plead deliberate indifference. "[I]t is nearly impossible to impute lax disciplinary policy to [a governmental entity] without showing a pattern of abuses that transcends the error made in a single case." *See Piotrowski,* 237 F.3d at 582. Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . In a failure to train context, deliberate indifference generally requires at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Miller*, 2019 WL 2189262, *3 (internal citations and quotations omitted).

Similarly, here Plaintiff fails to articulate facts that the District Attorney disregarded a known or obvious consequence of his action, *i.e.* failing to train or supervise to prevent the suppression of exculpatory evidence. Nor has Plaintiff pled any pattern of abuses that

transcends his own subjective experience. Without those allegations, no deliberate indifference is pled and dismissal is appropriate. *See Id*

### E. There Is No Federal Malicious Prosecution Claim Absent An Underlying Constitutional Violation, And Galveston County Is Immune From Any Such State Law Claim.

Neither Plaintiff's Complaint, nor Response points to sufficient allegations which would support elements of his "Count V - Malicious Prosecution" claim and such claim should be dismissed as a matter of law. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (holding there is no viable free-standing federal malicious prosecution claim). To be maintained under Section 1983, a claim couched in malicious prosecution for pre-trial conduct must include specific allegations including, in the Fourth Amendment context, that an underlying and unreasonable "seizure" occurred as a result of that wrongful conduct and a malicious motive exists. *Thompson v. Clark*, 142 S.Ct 1332, 1337-8, n.2 (2022). Here, Plaintiff has identified no wrongful motive for the district attorney's decision to prosecute him, much less a "malicious" motive. Further, his reliance on the toxicology report as the withheld evidence forecloses argument that he was unconstitutionally seized due to prosecutor conduct. Specifically, Plaintiff alleges that he was arrested on June 3, 2020 and released in "three months." (Complaint at ¶¶ 9, 24, 28, 43). Under Plaintiff's own pleading, he was released as of September of 2020. Plaintiff's allegedly withheld "exonerating" evidence, the toxicology report, is dated August 12, 2021. Given his *alleged* release date of September 2020, an unconstitutional seizure due to withholding evidence is completely implausible; dismissal is warranted.

Plaintiff failed to respond to Galveston County's sovereign immunity challenge to any state claim for malicious prosecution and has effectively conceded that point.

### F. Plaintiff's Response Fails to Address the Galveston County's Challenge to His Conspiracy Claim.

By failing to address the argument in Galveston County's Motion to Dismiss, Plaintiff concedes that he has not sufficiently pled facts to state a claim for conspiracy and accordingly this claim should be dismissed.

### III.  CONCLUSION

Defendant, Galveston County, respectfully asks that the Court dismiss Plaintiff's Complaint against Galveston County for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6). Galveston County further asks that the Court dismiss the Plaintiff's claims for punitive damages, and asks for all other relief to which Galveston County may show itself entitled, whether at equity or law.

          **GREER, HERZ & ADAMS, L.L.P.**

          By: */s/ Joseph R. Russo, Jr.*
              **Joseph R. Russo, Jr.**
              Federal I.D. No. 22559
              State Bar No. 24002879
              **jrusso@greerherz.com**
              **Melissa E. Palmer**
              State Bar No. 24004850
              Federal I.D. No. 23280
              **mpalmer@greerherz.com**
              One Moody Plaza, 18th Floor
              Galveston, Texas  77550
              (409) 797-3200 (Telephone)
              (866) 456-0170 (Fax)

          **ATTORNEYS FOR DEFENDANT**
          **GALVESTON COUNTY**

## **CERTIFICATE OF SERVICE**

      I hereby certify on the 28th day of April 2022, a true and correct copy of the foregoing was served via the Court's ECF system.

Blerim Elmazi
THE LAW OFFICES OF BLERIM ELMAZI, PLLC
800 N. Fielder Rd., Ste., 100C
Arlington, Texas 76012

William S. Helfand
Norman Ray Giles
Randy Lopez
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046

                                                            */s/ Joseph R. Russo, Jr.*
                                                            Joseph R. Russo, Jr.